1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  ALETHEA M. SARGENT (CABN 288222)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102-3495
       Telephone: (415) 436-6474
7      FAX: (415) 436-7234
       alethea.sargent@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 21-cr-243 CRB |
|---|---|
| Plaintiff, | ) DETENTION ORDER |
| v. | ) |
| MILTON THOMAS, | ) |
| Defendant. | ) |

On June 10, 2021, defendant Milton Thomas was charged by Indictment with being a prohibited person in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

This matter came before the Court on February 22, 2022, for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Gabriela Bischof. Assistant United States Attorney Alethea M. Sargent appeared for the government. The Court had on January 21, 2022, ordered the defendant detained upon the government's motion and based upon a San Francisco Police Department incident report reflecting an incident allegedly involving the defendant that occurred in December 2021. Counsel for the government recently received body-worn camera footage of the incident in question that it shared with the defendant. Counsel for the defendant requested reconsideration of the Court's order detaining the defendant, alleging changed circumstances on the

basis of the footage. At the hearing, counsel submitted proffers and arguments regarding detention, as well as the body-worn camera footage in question.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that there are no changed circumstances warranting reconsideration of its January 21, 2022, finding by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the basis for its conclusion:

The Court previously received a San Francisco Police Department incident report that contained allegations from an eyewitness who claimed that an individual threatened repeatedly to shoot him with a gun while they both stood in or near a liquor store in the Tenderloin District. The report the Court previously reviewed described that, while the reporting officer was interviewing that victim, the victim pointed out the suspect who threatened him as the suspect was nearby. The report described that the reporting officer recognized the suspect as the defendant, as the officer knew the defendant from prior contacts. According to the police report, the defendant saw the officers and fled on foot.

Although the body-worn camera footage standing alone does not clearly identify the defendant as the suspect the officer saw and chased, as noted by counsel for the defendant, it also does not exclude the defendant as being the suspect. Therefore, any finding of detention continues to be based on the reporting officer's identification of the suspect whom the victim identified at the scene. The footage does not undermine the credibility of the officer's identification of the defendant in the police report that the Court previously reviewed. In fact, in the footage the officer audibly identifies, at least three times within minutes of seeing him, the defendant as the person whom the victim identified.

Therefore, the Court finds that the body-worn camera footage offered by counsel for the defendant does not constitute changed circumstances sufficient for the Court to reconsider its prior

finding by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.

This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED:  February 22, 2022

_____
HONORABLE SALLIE KIM
United States Magistrate Judge